IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ELIZABETH BILBIJA and ROBERT BILBIJA, | ) ) ) |
| Plaintiffs, | ) ) ) Case No. 1:16-cv-02124-TWP-MJD |
| vs. | ) ) ) |
| CHRISTOPHER T. LANE, | ) ) |
| Defendant. | ) |

### DEFENDANT CHRISTOPHER LANE'S MOTION IN LIMINE

Defendant, Christopher T. Lane ("Lane"), by counsel, files this motion in limine and hereby requests the Court to rule prior to the commencement of trial that certain evidence is inadmissible. Lane further requests that the Court instruct counsel not to attempt to introduce any evidence pertaining to the following enumerated points absent further ruling by the Court and to direct that counsel instruct all witnesses concerning the existence of this motion and the evidence that is excluded. Lane asks that no reference to any of the matters listed below be made during voir dire, opening statements, the presentation of evidence or in closing arguments.

A trial court properly excludes evidence via a motion in limine if the evidence is clearly not admissible for any purpose. *Unites States v. Lopez,* 161 F.Supp. 3d 660 (SD Ind. 2015).

1. **Evidence of compromise offers and settlement negotiations**

   Federal Rule of Evidence 408 precludes the admission of evidence of any valuable consideration offered in efforts to compromise a claim. This case has been the subject of not only a settlement conference conducted by the magistrate but also extensive discussions between counsel during which various settlement demands and offers have been made. This evidence is irrelevant to the issues for trial and should be excluded at the outset.

2. **Evidence of the existence of liability insurance insuring the defendant**

   Rule 411 applies reasoning similar to that supporting Fed. R. of Evid. 408. Rule 411 prohibits the introduction of the existence of liability insurance to prove whether a person acted negligently or otherwise wrongfully. A jury's knowledge regarding insurance coverage may replace fault as a prerequisite for a finding of negligence and result in an extravagant jury verdict. *Kiernan v. Van Schaik*, 347 F.2d 775,

3. **Any "Golden Rule" argument by Plaintiffs' counsel**

   The "Golden Rule" argument, inviting the jury to place itself in the Plaintiffs' shoes, is impermissible "because it encourages the jury to depart from the neutrality and to decide the case on the basis of personal interest and bias rather than on the evidence." *Spray-Rite Service Corp. v. Monsanto Co.*, 684 F.2d 1226, 1246 (7th Cir. 1982); *Joan W. v. City of Chicago*, 771 F.2d 1020, 102 (7th Cir. 1985). Argument along these lines is universally condemned by the courts. *Id.*; *see also Edwards v. City of Philadelphia*, 860 F.2d 568, 574 (3d Cir. 1988); *Waite v. Neal*, 918 F.Supp. 133, 134 (E.D. Pa. 1996).

4.  **Reference to the fact that Lane took the Indiana Bar Exam more than once before passage.**

Rule 17 of the Indiana Rules of Admission and Discipline state that "no person shall be licensed to practice law in this state who has not taken and passed a bar examination as provided in these rules . . ." Currently, the rules do not impose a limitation on the number of times one may take the bar in Indiana. Previously, Indiana imposed a four (4) examination limit which has now been removed. *Poats v. Givan,* 651 F.2d 495 (7th Cir. 495)

Mr. Lane testified in his deposition that he took the Indiana Bar exam on more than one occasion before passing. He did not have to take the exam four (4) times. In 2018, only 47 percent of all persons taking the Indiana Bar passed the February examination.[1] Failing a bar exam, although a most disquieting development, actually places an eventual lawyer among some rather elite company. Persons who failed a bar exam include the former Dean of the Stanford Law school, former president Franklin Delano Roosevelt, former first lady Hillary Clinton (failed DC bar but passed Arkansas) and John F. Kennedy Jr., who failed the New York exam twice before passing.[2]

Reference to Mr. Lane's taking and passing the Indiana Bar exam is hardly relevant to his abilities as a lawyer. Under Federal Rule of Evidence 401, evidence is relevant if it has a tendency to make a fact more or less probable than if the

---

[1] https://www.theindianalawyer.com/articles/46658-february-bar-passage-rate-dips-below-50-percent (last referenced June 15, 2018).
[2] https://abaforlawstudents.com/2017/06/20/success-after-failing-the-bar-exam/ and https://abovethelaw.com/2007/07/the-bar-exam-a-list-of-famous-failures/ (last referenced June 18, 2018).

evidence was excluded *and* the fact is of consequence in determining the action. This case focuses primarily on the existence of an attorney-client relationship and the drafting of a promissory note. The prejudice of admitting evidence concerning taking the bar exam more than once clearly outweighs the nonexistent relevance of such evidence.

Respectfully submitted,

Date: June 15, 2018                  /s/ Briane M. House
                                     Briane M. House, Atty. No. 8287-30
                                     Skiles Detrude
                                     150 East Market Street, Suite 200
                                     Indianapolis, Indiana 46204
                                     bhouse@skilesdetrude.com
                                     (317) 321-2407
                                     (317) 321-2414 (FAX)

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served via ECF on June 15, 2018 to all counsel of record.

/s/ Briane M. House
Briane M. House