# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | |
|---|---|
| ELIZABETH BILBIJA and ROBERT BILBIJA, | ) |
| Plaintiffs, | ) ) ) |
| v. | ) ) Case No. 1:16-cv-02124-TWP-MJD |
| CHRISTOPHER T. LANE, | ) ) ) |
| Defendant. | ) |

## ENTRY ON MOTION IN *LIMINE*

This matter is before the Court on Defendant Christopher T. Lane's ("Lane") Motion in *Limine* ([Filing No. 63](#)) to exclude certain evidence and testimony at trial. Plaintiffs Elizabeth and Robert Bilbija's (collectively, the "Bilbijas") claim for legal malpractice against Lane is set for a jury trial scheduled to begin on January 28, 2019. Lane asks the Court to exclude evidence that falls within four specific categories. For the following reasons, Lane's Motion in *Limine* is **granted in part and denied in part**.

## I. LEGAL STANDARD

"[J]udges have broad discretion in ruling on evidentiary questions during trial or before on motions in *limine*." *Jenkins v. Chrysler Motors Corp.*, 316 F.3d 663, 664 (7th Cir. 2002). The court excludes evidence on a motion in *limine* only if the evidence clearly is not admissible for any purpose. *See Hawthorne Partners v. AT&T Technologies, Inc.*, 831 F. Supp. 1398, 1400 (N.D. Ill. 1993). Unless evidence meets this exacting standard, evidentiary rulings must be deferred until trial so questions of foundation, relevancy, and prejudice may be resolved in context. *Id.* at 1400–01. Moreover, denial of a motion in *limine* does not necessarily mean that all evidence

contemplated by the motion is admissible; rather, it only means that, at the pretrial stage, the court is unable to determine whether the evidence should be excluded. *Id.* at 1401.

## II. DISCUSSION

Lane asks the Court to exclude evidence, testimony, and argument regarding (1) compromise offers and settlement negotiations under Federal Rule of Evidence 408, (2) the existence of liability insurance insuring Lane under Rule 411, and (3) the "Golden Rule" argument, which invites the jurors to place themselves in the Bilbijas' shoes rather than basing their decision on the evidence ([Filing No. 63 at 2](#)). The Bilbijas respond that they "have no objection to items numbered 1, 2, and 3." ([Filing No. 69 at 1](#).)

Because the rules of evidence and case law support the exclusion of these three categories of evidence or argument, and because the Bilbijas do not object to their exclusion, the Court **GRANTS** Lane's request to exclude evidence and argument about settlement offers and negotiations, liability insurance, and the "Golden Rule" argument.

Additionally, Lane asks the Court to exclude evidence, testimony, and argument regarding the fact that Lane took the Indiana Bar Examination more than once before passage. In his deposition, Lane testified that he had to take the bar exam more than once before successfully passing the exam. Lane notes that the Indiana Rules of Admission and Discipline do not impose a limitation on the number of times an individual may take the bar exam in Indiana. He argues, "Reference to Mr. Lane's taking and passing the Indiana Bar exam is hardly relevant to his abilities as a lawyer," and irrelevant evidence is not admissible ([Filing No. 63 at 3](#)). Lane asserts that this case focuses on the existence of an attorney-client relationship and the drafting of a promissory note, and evidence that he took the bar exam more than once is not relevant to these issues and is unfairly prejudicial.

The Bilbijas respond that evidence, testimony, and argument regarding the fact that Lane took the Indiana Bar Examination more than once before passage "goes to the heart of an[] important factual issue – Mr. Lane's competency as a practicing attorney." ([Filing No. 69 at 1](Filing No. 69 at 1).) The Bilbijas explain that the claim in this case—legal malpractice—deals with the competency of a lawyer and whether his conduct fell below a professional standard of care. They argue that the bar exam is one measure of minimum competency for practicing law just as educational background, years in practice, and areas of practice are relevant to a determination of competency. The bar exam establishes an attorney's ability to practice law in Indiana, so evidence of the amount of attempts it took an attorney to pass the bar exam may be an indication of the qualifications of that attorney. "It is Plaintiff's right to raise the issue on its cross examination of Defendant, in response to which Defendant may certainly espouse other experiences and accomplishments which reflect favorably upon him." *Id.* at 2.

The Bilbijas' argument is well taken, and the Court is not persuaded that Lane has shown the evidence is not admissible for any purpose. Thus, the Court determines that, at this point, evidentiary rulings regarding Lane's taking of the bar exam must be deferred until trial so that questions of relevancy and prejudice can be resolved in context. Therefore, the Court **DENIES** Lane's request to exclude evidence and argument about the fact that Lane took the Indiana Bar Examination more than once before passage.

### III.     CONCLUSION

For the foregoing reasons, the Court **GRANTS in part and DENIES in part** Lane's Motion in *Limine* ([Filing No. 63](Filing No. 63)). An order in *limine* is not a final, appealable order. If the parties believe that evidence excluded by this Order becomes relevant or otherwise admissible during the course of the trial, counsel may approach the bench and request a hearing outside the presence of

3

the jury. Likewise, if the parties believe that specific evidence is inadmissible during the course of the trial, counsel may raise specific objections to that evidence.

**SO ORDERED.**

Date: 7/2/2018

*Tanya Walton Pratt*

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

DISTRIBUTION:

Hayleigh Jo Neumann
THE NICE LAW FIRM
hjneumann@nicelawfirm.com

Robert Joseph Nice
THE NICE LAW FIRM
rjnice@nicelawfirm.com

John G. Shubat
THE NICE LAW FIRM
jgshubat@nicelawfirm.com

Briane M. House
SKILES DETRUDE
bhouse@skilesdetrude.com